UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.:

BORIS VAYSMAN, an individual,

Plaintiff,

-vs-

BRANCH BANKING AND TRUST COMPANY, a foreign profit corporation d/b/a BB&T BANK

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BORIS VAYSMAN, by and through the undersigned counsel (*hereinafter* "Plaintiff" or "Vaysman"), hereby sues Defendant, BRANCH BANKING AND TRUST COMPANY, a foreign profit corporation d/b/a BB&T BANK (*hereinafter* "Defendant" or "BB&T") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA") and in support thereof states as follows:

**BRIEF INTRODUCTION**

1. This is an action for damages resulting from Defendant's relentless calls using an automated telephone dialing system ("ATDS") and a pre-recorded voice ("robo-call").

2. Both ATDS and robo-calls are unlawful when made to a cellular phone, unless made with the recipient's prior express-written-consent.[1]

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2.

3. Furthermore, the use of robo-calls to deliver a message is unlawful when made to a residential telephone line, unless made with the recipient's prior express-consent or initiated for emergency purposes.[2]

4. However, even where consent is provided, the call recipient has the absolute right to revoke consent by any reasonable means, this includes oral revocation.[3]

**PARTIES, JURISDICTION, AND VENUE**

5. Plaintiff is a natural person and citizen of the State of Florida.

6. Defendant, BRANCH BANKING AND TRUST COMPANY's principal place of business is in Winston-Salem, North Carolina and is registered with the Florida Department of State as a foreign corporation.

7. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. § 227(b).[4]

8. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2) because Defendant transacts substantial business in the forum and cause of action accrued in the forum.

**FACTUAL ALLEGATIONS**

9. At all times material hereto, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

10. At all times material hereto Plaintiff was a "consumer" as defined by the Florida Consumer Collections Practices Act ("FCCPA").

---

[2] *See 47 U.S.C. § 227 (b)(1)(B)*

[3] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

[4] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

11. In 2016, Defendant began placing autodialed and/or pre-recorded calls from 1-800-222-1913 and 1-866-877-9385, to Plaintiff's cellular phone number in an attempt to collect a debt.

12. In 2016, Defendant began placing artificial or pre-recorded calls from 1-800-222-1913 and 1-866-877-9385, to Plaintiff's residential telephone line in an attempt to collect a debt.

13. Plaintiff did not and has not expressly consented to Defendant's ATDS calls to Plaintiff's cellular phone.

14. Plaintiff did not and has not expressly consented to Defendant's robo-calls to Plaintiff's cellular phone.

15. Plaintiff did not and has not expressly consented to Defendant's robo-calls to Plaintiff's residential telephone line.

16. In fact, on August 9, 2016, on behalf of Plaintiff, Plaintiff's attorney revoked any indicia of consent, demanding that Defendant stop calling Plaintiff on both his cellular phone and residential telephone line.

17. At that point, on August 9, 2016, Defendant had actual knowledge that Plaintiff was represented by counsel.

18. Under the TCPA, it is Defendant's burden to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute and that this consent was not revoked.

19. Since Plaintiff's August 9, 2016, revocation, Defendant has placed over one hundred (100), additional autodialed and prerecorded phone calls from various numbers to Plaintiff on his cellular phone.

20. Since Plaintiff's attorneys August 9, 2016, revocation, Defendant has placed over one hundred (100), artificial or pre-recorded phone calls from various numbers to Plaintiff's residential telephone line.

21. Also, despite having knowledge of attorney representation, continued communication and collection attempts from Plaintiff.

22. All of Defendant's calls to Plaintiff's cellular phone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or pre-recorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

23. Further, all of Defendant's calls to Plaintiff's residential telephone line were made using "an artificial or pre-recorded voice" as described in 47 U.S.C. § 227 (b)(1)(A).

24. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

25. Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or pre-recorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

26. Defendant's telephone calls to Plaintiff's residential telephone line, which were placed through an "artificial or pre-recorded voice" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

27. Defendant's repeated calls were time consuming and harassing to Plaintiff, and deprived Plaintiff of his statutorily created right to be free from such continued intrusion.

28. Upon information and belief, Plaintiffs experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling

customers using an "automatic telephone dialing system" and/or "an artificial or pre-recorded voice."

29. Defendant willfully or knowingly violated the TCPA.

30. Defendant willfully or knowingly violated the FCCPA.

**COUNT I**
**BB&T'S VIOLATION OF THE TCPA**
**(cellular telephone)**

31. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 30 as if fully set forth herein.

32. Defendant, BB&T or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

33. Defendant, BB&T continued and continues to make such calls despite never having prior express consent.

34. Defendant, BB&T continued and continues to make such calls despite Plaintiff's explicit demand to stop the improper calls.

35. Defendant, BB&T willfully or knowingly violated the TCPA.

36. As a result, Plaintiff has suffered damages.

**COUNT II**
**BB&T'S VIOLATION OF THE TCPA**
**(residential telephone line)**

37. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 30 as if fully set forth herein.

38. Defendant, BB&T or others acting on its behalf, placed non-emergency phone calls to Plaintiff's residential telephone line using pre-recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A).

39. Defendant, BB&T continued and continues to make such calls despite never having prior express consent.

40. Defendant, BB&T continued and continues to make such calls despite Plaintiff's explicit demand to stop the improper calls.

41. Defendant, BB&T willfully or knowingly violated the TCPA.

42. As a result, Plaintiff has suffered damages.

**COUNT III**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA")**

41. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 30.

42. Despite having knowledge that Plaintiff was represented by an attorney, Defendant willfully communicated with Plaintiff to enforce an alleged debt.

43. Defendant, therefore, has violated the FCCPA, Fla. Stat. § 559.72(18), and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

45. $500.00 dollars in statutory damages for each violation of the TCPA;

46. $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

47. a declaratory judgment that Defendant has violated Plaintiff's rights under the

TCPA;

48. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

49. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's residential telephone line using a pre-recorded and/or artificial voice;

50. $1,000.00 dollars in statutory damages for violation of the FCCPA;

51. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

52. attorney's fees and litigation costs; and

53. such other and further relief as the Court deems proper.

**JURY TRIAL REQUEST**

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully Submitted this 14th day of November, 2016, by:

**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com
Secondary E-mail: mperez@zpllp.com

By:________________________
JORDAN A. SHAW, ESQ.
Florida Bar No. 111771